**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CAMERON GOELLER,

     Plaintiff,

v.                                                             CASE NO.:

LIFE SURGE LLC,

     Defendant.

_____/

## FLSA COMPLAINT FOR OVERTIME WAGES

Plaintiff, CAMERON GOELLER, herein sues Defendant, LIFE SURGE LLC, ("LIFE SURGE" or "Defendant"), pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act (the "FLSA") and states as follows:

## RECITATION OF FACTS

1.    Plaintiff performed work for Defendant and was misclassified as an independent contractor.

2.    Defendant has engaged in a willful scheme to avoid its pay obligations under the FLSA in order to save millions of dollars in labor costs and increase profits.

3.    Plaintiff worked for Defendant as an AV Tech and then as a Senior AV Tech and his primary job duties were to travel to Defendant's live events,

retrieve Defendant's AV Equipment from Defendant's storage locations, set up and operate the AV Equipment at Defendant's live events, and then disconnect and return the AV equipment storage locations.

4. Defendant did not compensate Plaintiff on a salary basis.

5. Defendant compensated Plaintiff entirely on a flat rate basis.

6. To avoid its obligations under the FLSA, Defendant willfully misclassified Plaintiff as an independent contractor. As a result of this misclassification, Defendant did not compensate Plaintiff for hours worked over 40 in any work week.

7. Plaintiff did not perform work that meets the definition of any exemption under the FLSA.

8. Defendant directed and controlled the work of Plaintiff, set his compensation, created rules, procedures and dictated all conditions of work, including his work schedules and places of work, such that he was in fact and reality an employee of Defendant.

9. Defendant's blanket misclassification of AV Techs and Senior AV Tech as Independent Contractors constitutes a common policy and practice applicable to Plaintiff.

10. Shortly before Plaintiff's departure, Defendant was in the process of reclassifying its AV Techs and Senior AV Techs such as Plaintiff from Independent

Contractors to Employees.

## JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action involves a federal question pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b).

12.    This Court is empowered to issue a declaratory judgment under 28 U.S.C.§§ 2201 and 2202.

13.    This Court has personal jurisdiction over the Defendant as it transacts business in this District and as Defendant's principal place of business is in this District, specifically, Manatee County, Florida.

14.    Venue is proper to this Court pursuant to 28 U.S.C. § 1391(b) because the substantial part of the events or omissions giving rise to this action occurred within this District.

15.    The overtime wage provisions set forth in FLSA § 207 apply to Defendant, as Defendant was an employer engaged in interstate commerce under the definition of the FLSA. At all relevant times, Defendant engaged in interstate commerce and/or in the production of goods for commerce within the meaning of FLSA § 203 as a common business enterprise. Additionally, Defendant earned more than $500,000 in revenue during the previous three years as well.

## PARTIES

**Plaintiff:**

16.    Plaintiff, Cameron Goeller, is a resident of Ellenton, Florida and was contracted as an independent contractor with Defendant.

17.    Plaintiff worked at Defendant's live events that occurred across the country, including, but not limited to, the states of Florida, Colorado, Missouri, California, and Pennsylvania.

18.    Plaintiff was compensated by Defendant on a flat rate basis.

19.    At all times relevant to this action, Plaintiff was, in reality, an employee of Defendant, and the work and relationship fails to meet the definition of an independent contractor under the FLSA.

20.    Throughout the period of time Plaintiff performed work on behalf of Defendant, he routinely worked in excess of 40 hours per week.

21.    Despite the economic reality of the relationship, Defendant willfully failed to pay Plaintiff overtime compensation for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

**Defendant:**

22.    Defendant, Life Surge LLC, is a foreign limited liability company with a principal office located at 2511 Corporate Way, Palmetto, FL 34221. Defendant may be served through its designated registered agent, Marie B. Code, Esq. at 2511

Corporate Way, Palmetto, FL 34221.

23. Defendant Life Surge offers "one-day live event designed to inspire, train, and equip believers to advance God's Kingdom in the marketplace. Our mission is to help people use their resources and influence for Kingdom impact. We bring together Christian leaders and entrepreneurs who share practical strategies to help attendees make a financial and spiritual impact in their lives and the lives of others." https://lifesurge.com/faqs/ (accessed Mar. 17, 2026).

24. Defendant is currently offering its live events in the period of March to June 2026 in the following states: Georgia, Washington, Idaho, Virginia, Texas, Missouri, and Massachusetts. https://lifesurge.com/events/ (accessed Mar. 17, 2026).

25. Upon information and belief, Defendant has more than 100 employees across the United States.

26. At all times material hereto, Defendant was an "employer" who "employed" Plaintiff within the meaning of the FLSA in that Defendant permitted or suffered to work Plaintiff.

## STATEMENT OF GENERAL FACTS

27. Plaintiff worked for Defendant as an AV Tech and then as a Senior AV Tech from December 2024 to late October 2025 and was classified by Defendant as an independent contractor.

28. Plaintiff attended Defendant's live events and provided audio visual technician services.

29. Plaintiff regularly worked in excess of forty (40) hours within a work week without payment of any overtime compensation.

30. Defendant contractually agreed to pay Plaintiff solely on a flat rate basis.

31. Plaintiff was hired on a take it or leave it, non-negotiable independent contractor relationship arrangement.

32. Defendant only offered Plaintiff the opportunity to be an employee in the Fall of 2025.

33. Defendant knew or should have known that Plaintiff should have been properly classified as an employee, not an independent contractor, because:

    a. Defendant dictated where Plaintiff would provide his audio-visual services;

    b. Defendant dictated when Plaintiff would provide his audio-visual services;

    c. Defendant provided Plaintiff the audio-visual equipment Plaintiff was to use at Defendant's live events;

    d. Plaintiff had his work performance closely monitored, controlled, and supervised by Defendant;

e.  Defendant prohibited Plaintiff from contracting to do business with any of Defendant's clients;

f.  Defendant paid for the traveling and lodging expenses incurred by Plaintiff;

g.  Defendant provided all of the marketing, promotional, and advertising efforts used to promote attendance at Defendant's live events;

h.  Defendant required Plaintiff to attend Defendant's mandatory trainings;

i.  Defendant required Plaintiff to attend Defendant's team meetings;

j.  Defendant dictated what Plaintiff was allowed to wear at Defendant's live events;

k.  Defendant dictated when Plaintiff was allowed to leave Defendant's live events;

l.  The Independent Contractor agreement provided to Plaintiff is not for a finite or defined period of time;

m. Plaintiff was required to request time off from work in advance from Defendant;

n.  Plaintiff could not delegate work to other persons or their own contractors or employees without the express written consent of

Defendant; and

   o. Plaintiff was provided a "take it or leave it" Independent Contractor agreement, the terms of which were non-negotiable.

34. Plaintiff was not paid on a salary basis and thus fails the elements of the administrative and executive exemptions.

35. Plaintiff was not exempt from overtime under any white-collar exemptions to the FLSA.

36. Plaintiff should have been compensated for those hours worked in excess of forty (40) hours per week, as required by the FLSA.

37. From the commencement of Plaintiff's tenure, Defendant failed to pay Plaintiff overtime premiums for hours worked over 40 in any workweeks as mandated under the FLSA.

38. Defendant has known that Plaintiff performed overtime work without proper compensation and Defendant chose to deny him overtime compensation for performing this work in willful disregard of his rights under the FLSA.

## COUNT I
## FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF SECTION 207(a) OF THE FAIR LABOR STANDARDS ACT

39. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully stated herein.

40. Plaintiff was hired by Defendant under the label of an independent

contractor to provide AV Tech services on a national basis and as part of Defendant's enterprise offering live events on a national basis.

41.    Plaintiff worked on a flat rate only basis on behalf of the Defendant and routinely worked in excess of 40 hours per workweek throughout the term of his relationship with Defendant.

42.    Despite the label of independent contractor, Plaintiff, in reality, was an employee of the Defendant in that he was economically dependent on Defendant for work.

43.    Plaintiff could not set his own work schedules, come and go as he pleased in regard to the work schedules, and any time off from work required approval by Defendant.

44.    Taking all the facts involved as stated above, Plaintiff failed to meet the definition of an independent contractor.

45.    Plaintiff routinely was required to work more than 40 hours a week throughout the term of his work for Defendant, and likewise, Defendant knew he was working more than 40 hours during the workweeks.

46.    Defendant had an obligation to compensate Plaintiff in an amount of one and one-half times the regular rate of pay for every hour worked over 40 hours in any given workweek but willfully chose not to.

47.    Defendant did not compensate Plaintiff for all the hours worked for

Defendant in excess of forty (40) per week as required by §207 of the FLSA, based on Defendant's misclassification of Plaintiff as an "Independent Contractor."

48.    Plaintiff was a victim of a common scheme and policy by Defendant to deny him overtime compensation required by the FLSA.

49.    Defendant's failure to pay Plaintiff in accordance with §207 of the FLSA, was and is, a willful disregard of the overtime wage compensation requirements of the FLSA.

50.    Plaintiff has suffered economic damages as a result of Defendant's failure to pay him his rightful overtime compensation.

51.    Plaintiff seeks unpaid overtime compensation in an amount to be determined at trial, as well as an equal amount of liquidated damages (or pre-judgment interest in the event liquidated damages are denied), post-judgment interest, and attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff demands judgment against Defendant and prays this Court grant the following relief:

a.    That the Court find and declare Defendant's actions a violation of the overtime compensation provisions of the FLSA;

b.    That the Court find and declare Defendant's violations of the FLSA were and are willful;

c.    That the Court award to Plaintiff overtime compensation at a rate of one and one-half times the regular rate of pay, or, his overtime premiums, including the value of all compensation earned, for previous hours worked in excess of forty (40) for any given week during the past three years AND liquidated damages of an equal amount of the overtime compensation, in addition to penalties and interest on said award pursuant to FLSA § 216 and all other related economic losses;

d.    That the Court award Plaintiff recovery of his reasonable attorneys' fees and costs and expenses of litigation pursuant to FLSA § 216;

e.    That the Court issue an order of judgment under 29 U.S.C. § 216 and 217, 28 U.S.C. §§ 2201 and 2202 finding that the Defendant unlawfully and willfully violated the FLSA by failing to pay overtime wages and willfully failed to properly and accurately record all hours worked by Plaintiff; and

f.    That the Court award any other legal and equitable relief as this Court may deem appropriate, including the value of underpaid matching funds in company pension or 401(k) plans.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Dated: March 19, 2026.

*/s/ Mitchell L. Feldman, Esq.*
Mitchell L. Feldman, Esq.
Florida Bar No.: 0080349
Feldman Legal Group
12610 Race Track Road, Ste. 225
Tampa, FL 33626
Telephone: (813) 639-9366
Fax: (813) 639-9376
mfeldman@flandgatrialattorneys.com
*Lead Attorney for Plaintiff*