**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CAMERON GOELLER,

    Plaintiff,

 v.

                                      CASE NO.: 8:26-cv-00732-MSS-AAS

LIFE SURGE, LLC,

    Defendant.

_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, LIFE SURGE, LLC ("Life Surge" OR "Defendant"), answers the Complaint (the "Complaint") (Dkt. 1) filed by Plaintiff, CAMERON GOELLER ("Goeller" OR "Plaintiff") as follows:

**RECITATION OF FACTS**

1. Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2. Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3. Defendant denies that Plaintiff worked for Defendant while he was an independent contractor. Defendant admits that Plaintiff traveled to live events, retrieved, operated, disconnected, and returned AV equipment. Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint.

4.     Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5.     Defendant admits that it compensated Plaintiff for his work on a flat rate basis. Defendant denies all remaining allegations in this paragraph.

6.     Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7.     The allegations regarding exemptions under the FLSA contain conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.     Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.     Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.    Defendant admits the allegations contained in Paragraph 10 of the Complaint.

## JURISDICTION AND VENUE

11.    The allegations regarding subject matter jurisdiction contain conclusions of law to which no response is required. Defendant denies any wrongdoing whatsoever, and denies all remaining allegations contained in Paragraph 11 of the Complaint.

12.    The allegations regarding the Court's ability to issue declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 contain conclusions of law to which

no response is required. Defendant denies any wrongdoing whatsoever, and denies all remaining allegations contained in Paragraph 12 of the Complaint.

13.    Defendant admits that its principal address is located in Manatee County, Florida.  The allegations regarding personal jurisdiction contain conclusions of law to which no response is required. Defendant denies any wrongdoing whatsoever and denies all remaining allegations contained in Paragraph 13 of the Complaint.

14.    The allegations regarding venue contain conclusions of law to which no response is required. Defendant denies any wrongdoing whatsoever, and denies all remaining allegations contained in Paragraph 14 of the Complaint.

15.    Defendant admits that it earned more than $500,000 in revenue in the three years preceding the filing of the Complaint. The allegations regarding FLSA coverage contain conclusions of law to which no response is required. Defendant denies any wrongdoing whatsoever, and denies all remaining allegations contained in Paragraph 15 of the Complaint.

## **PARTIES**

16.    Defendant lacks sufficient information regarding Plaintiff's residency and therefore denies same. Defendant admits that it contracted with Plaintiff as an AV Tech beginning November 2024 until October 2025. Defendant denies all remaining allegations contained in Paragraph 16 of the Complaint.

17.    Defendant admits that Plaintiff performed work for Defendant at its live events in various locations. Defendant denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint as averred.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant admits that it is a Delaware limited liability company with a principal address located at 2511 Corporate Way, Palmetto, FL 34221. Defendant denies all remaining allegation contained in Paragraph 22 of the Complaint.

23. The terms of the cited webpage speak for themselves, and Defendant refers to the webpage for its content. To the extent the allegations of Paragraph 23 attempt to summarize or paraphrase information available on the referenced webpage, Defendant denies such allegations.

24. The terms of the cited webpage speak for themselves and Defendant refers to the webpage for its content. To the extent the allegations of Paragraph 24 attempt to summarize or paraphrase information available on the referenced webpage, Defendant denies such allegations.

25. Defendant admits the allegations contained in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations contained in Paragraph 26 of the Complaint.

<strong><u>STATEMENT OF GENERAL FACTS</u></strong>

27.     Defendant admits that Plaintiff contracted with Defendant from November 2024 until October 2025 as an independent contractor. Defendant denies all remaining allegations contained in Paragraph 27 of the Complaint inconsistent therewith.

28.     Defendant admits the allegations contained in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint as averred.

30.     Defendant admits the allegations contained in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of the Complaint as averred.

32.     Defendant admits that it eventually presented Plaintiff with an employment offer, which he rejected. Defendant denies all remaining allegations contained in Paragraph 32 of the Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint as averred.

34.     Defendant denies the allegations contained in Paragraph 34 of the Complaint as averred.

35.    The allegations regarding FLSA exemptions contain legal conclusions to which no response is required. Defendant denies the remaining allegations contained in Paragraph 35 of the Complaint.

36.    Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.    Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.    Defendant denies the allegations contained in Paragraph 38 of the Complaint.

## COUNT I

39.    Defendant incorporates its answers to Paragraphs 1- 38 as if fully stated herein.

40.     Defendant admits that it engaged with Plaintiff as an independent contractor to provide AV Tech services. Defendant denies all remaining allegations contained in Paragraph 40 of the Complaint.

41.    Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.    Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.    Defendant denies the allegations contained in Paragraph 43 of the Complaint as averred.

44.     Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.     Defendant denies the allegations contained in Paragraph 45 of the Complaint as averred.

46.     Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.     Defendant denies Plaintiff is entitled to any relief requested in this paragraph and denies all remaining allegations contained in Paragraph 51 of the Complaint.

Defendant denies Plaintiff is entitled to any of the relief requested in the paragraph commencing "WHEREFORE," following paragraph 51 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant denies each and every allegation in Plaintiff's Complaint that is not expressly admitted in this Answer. Defendant does not assume the burden of any defense asserted that is adjudged not to be an affirmative defense. Defendant also reserves the right to assert additional affirmative defenses and matters in avoidance that may be disclosed by additional investigation and discovery. Defendant asserts the following defenses, each as a separate and distinct defense to Plaintiff's alleged causes of action as well as to the entire Complaint.

### FIRST DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent it fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff may not recover liquidated damages because, at all times relevant to this action, Defendant acted in good faith and Defendant had reasonable grounds to believe that its acts and/or omissions were lawful.

### THIRD DEFENSE

Plaintiff's alleged damages are speculative and uncertain, or both, and therefore non-compensable.

### FOURTH DEFENSE

Some or all of the time for which Plaintiff seeks recovery of wages purportedly owed was spent engaging in activities that were not compensable work under the

FLSA and were not an integral and indispensable part of his principal activities, including non-compensable activities that were preliminary or postliminary to Plaintiff's principal activities.

## FIFTH DEFENSE

To the extent Plaintiff is entitled to any alleged overtime pay, which Defendant denies, he would be entitled to, at most, a half-time premium for any hours worked in excess of 40 in any workweek.

## SIXTH DEFENSE

Plaintiff's damages, including his claims for liquidated damages, penalties, and pre- and post-judgment interest, are barred to the extent that the forms of relief are duplicative of each other.

## SEVENTH DEFENSE

Plaintiff's request for attorneys' fees and costs is in part discretionary before this Court, and therefore, any amount awarded must be limited by the requirement, including, but not limited to, that Plaintiff be successful on the merits and that fees and costs awarded be reasonable and necessary.

## EIGHTH DEFENSE

Plaintiff waived, and/or is estopped from asserting, claims to the extent they are based on an alleged failure to pay wages because Plaintiff did not timely advise Defendant of any alleged mistakes in payment, underpayments, or failure by

Defendant to adhere to the agreed upon compensation, or because Plaintiff already received all compensation to which Plaintiff is entitled.

## NINTH DEFENSE

The activities for which Plaintiff seeks compensation under the FLSA were undertaken for Plaintiff's own convenience and/or benefit.

## TENTH DEFENSE

Time spent walking, riding, or traveling to and from the actual place of performance of the principal activities of Plaintiff's employment is non-compensable. Plaintiff's claims for non-compensable time are barred by 29 U.S.C. §254.

WHEREFORE, Defendant prays that the Complaint be dismissed with prejudice, that judgment be entered in favor of Defendant and against Plaintiff, and that Defendant be awarded its costs and reasonable attorneys' fees and such other relief the Court deems appropriate.

DATED April 13, 2026.          Respectfully submitted,

/s/ *Robert R. Vorhees*
William E. Grob; FBN: 0463124
william.grob@ogletree.com
Robert R. Vorhees; FBN: 1037806
robert.vorhees@ogletree.com
Jonathan C. Gardner; FBN: 1068645
jonathan.gardner@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, FL  33602
T: 813-289-1247; F: 813-289-6530
*Counsel for Defendant*

10