**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CAMERON GOELLER,**

**Plaintiff,**

**v.** **Case No: 8:26-cv-732-MSS-AAS**

**LIFE SURGE LLC,**

**Defendant.**

**______________________________/**

# REPORT AND RECOMMENDATION

Plaintiff Cameron Goeller and Defendant Life Surge LLC move for the court to approve the parties' proposed settlement for attorneys' fees and costs. (Doc. 23).

This action arises from an approved settlement of Mr. Goeller's Fair Labor Standards Act claims. (*See* Doc. 22). Under the settlement agreement, Mr. Goeller will receive $15,700.00 (*Id.*). Of the sum, $7,750.00 is allocated to Mr. Goeller's alleged overtime wages, $7,750.00 for liquidated damages, and $200.00 in exchange for Mr. Goeller's release and waiver of all other claims against Life Surge. (Doc. 21-1). The court granted the settlement agreement and ordered the parties to file a motion requesting approval of the amount of attorney's fees owed to Mr. Goeller's counsel. (Doc. 22, p. 3). The parties agreed Life Surge will pay Mr. Goeller's counsel the total amount of $28,000.00 for

attorneys' fees and costs. (Doc. 23, ¶ 1). The parties agreed upon the attorneys' fees and costs amount separately from the amount paid to Mr. Goeller in settlement of his claims. (*Id.* at ¶ 5).

The court is required to review the reasonableness of counsel's legal fees. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) ("FSLA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement"). Because the attorney's fees were negotiated separately from the amount to resolve the plaintiffs' claims, no conflict tainted the settlement. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (summarizing the requisite conditions for when "the Court will approve the settlement without separately considering the reasonableness of the fees to be paid to plaintiff's counsel").

After consideration of the proposed settlement of attorneys' fees and costs, the undersigned concludes that the settlement is a fair and reasonable resolution of the parties' dispute.

Accordingly, it is **RECOMMENDED** that:

1. The parties' Joint Motion for Approval of their Stipulation Settling Plaintiff's Claim for Attorneys' Fees and Costs (Doc. 23) be **GRANTED**;

2. The Attorneys' Fees and Costs Stipulation (Doc. 23-1) be accepted, adopted, and approved by the court, and the parties be ordered to comply with the terms of the executed settlement agreement.

**ENTERED** in Tampa, Florida, on October 6, 2026.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge

**NOTICE TO PARTIES**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.